LOUIE TRAYLOR v. THE STATE.

No. 12058.   Delivered December 19, 1928.

The opinion states the case.

*J. D. Bass* of Pittsburg, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year and six months.

The following is in substance the State's evidence: On the morning of the 2nd day of March, the witnesses Turner and Lovell went on the highway to the Cypress Creek bottom. They left their car on the road and after crossing the slough, they went about a half mile and found a still in operation and two gallon-jugs full of whisky nearby. Turner saw no one at the still, but Lovell saw a negro, whom he did not identify, running away from near the still. Officers Carpenter and Hinson, together with Turner and Lovell, came back to the place where the still was located. While near there they saw the appellant and Cunningham, who were in a wagon in which there were an axe and a cross-cut saw. The wagon was on the public road which passed near the place where the still was located. The officers stopped the appellant and Cunningham. The appellant wore rubber boots, and they were placed in the tracks which were observed somewhere near the still, and according to the officers' testimony they fitted the tracks. According to the testimony of the appellant, they did not fit them. There were no other peculiarities described save that the tracks were made by the rubber boots. There was some substance sticking to the coat sleeve of the appellant and also some substance on his boots. Somewhere about the still there was some paste made of flour. The appellant claimed that the substance on his arm and boots was dough from cooking breakfast. One of the officers said that the stuff on his arm was dough but that on his boots was mash. The appellant lived about a half mile from where the still was found, and other persons lived in the neighborhood nearer to the still than did the appellant.

The appellant testified in his own behalf and claimed to have been working in the field on the morning of the day on which the still was discovered; that he worked up until about eleven o'clock, after

which time he borrowed a saw from the witness Hooks. The appellant and one Cunningham, went in the latter's wagon to the place where the arrest was made, while on their way to the bottom to saw some blocks of wood. Several witnesses testified that the appellant worked in the field until about 10 : 30 or 11 : 30 o'clock in the morning of the day on which the discovery was made. His presence there at that time would be inconsistent with any presumption that he was the individual whom Lovell saw running away from the still. There was no effort made by the State to.identify the appellant as the person whom Lovell saw running from the still other than that detailed above, namely, the tracks and the substance upon the appellant's clothing.

The case is purely one of circumstantial evidence, which is not deemed of sufficient cogency, when tested by the law with reference to circumstantial evidence, to identify the appellant as the offender. The person whom the State's witness Lovell claims to have seen running from the still was but a short distance from the witness. He was close enough to see that he was a negro. There is no description of the clothing as coinciding with that of the appellant or otherwise identifying him. The witness does not give any testimony suggesting that he recognized the person running, or any cogent testimony showing that he could not have recognized him if it had been the appellant. The law of circumstantial evidence requires that the evidence be not only consistent with the guilt of the accused but inconsistent with every other reasonable hypothesis arising from the evidence. It is not believed that the evidence in the present instance meets the measure of the law. For that reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*